**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **EDGAR FLORES,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. 3:25-cv-00389** |
| | § | |
| **KRISTI NOEM, SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINNAL COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

TO THE HONORABLE COURT:

NOW COMES, Edgar Flores, ("Plaintiff" or "Flores") in the above entitled and numbered cause, and files this Plaintiff's Original Complaint and Demand for Jury Trial, complaining of Kristi Noem, Secretary, U.S. Department of Homeland Security (hereinafter referred to as "Defendant", "the Agency") Customs and Border Protection" or "CBP"), and in support thereof respectfully shows the Court the following:

## I.

## PARTIES, JURISDICTION AND VENUE

1. The Court has federal question jurisdiction pursuant to 28 U.S.C. §1332 due to this is a civil action arising under federal law, and the amount in controversy is in excess of $75,000, exclusive of interests and costs.

2. Plaintiff is a citizen of the United States and a resident of El Paso County, Texas.

Plaintiff has been subjected to unlawful employment practices committed within El Paso County, Texas. Defendant CBP is a federal agency who operates in El Paso County and therefore, venue is proper in El Paso County, Texas per 28 U.S.C. §1391(c).

3. Defendant, Kristi Noem, Secretary, U.S. Department of Homeland Security ("Defendant", "the Agency" or "CBP"), at all relevant times, Defendant has continuously been a Federal Agency of the United States. Service may be obtained by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Ms. Stephanie Rico, Civil Process Clerk, Office of the United States Attorney for the Western District of Texas, 601 N.W. Loop 410, Suite 600, San Antonio, Texas 78216-5597; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Pam Bondi, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington D.C. 20530-0001; and by sending a copy of the Summons and Complaint by certified mail, return receipt requested, to Secretary Kristi Noem,, Department of Homeland Security, Washington, D.C. 20528.

## II.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff filed a formal complaint of discrimination. Such filing was within at least 45 days of the last act of which he complained. Plaintiff's formal complaint alleged denial of Plaintiff's rights, by Defendant, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., Section 501 of the Rehabilitation Act of 1973 (Rehabilitation Act), as amended, 29 U.S.C. § 791 et seq., Title I of the Americans with Disabilities Act (ADA) and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. More specifically, Plaintiff, Edgar Flores alleges that he suffered from a hostile work environment, harassment and was discriminated against because of his sex; age; disability

(actual, perceived and/or history) and retaliation.

5. On or about November 17, 2023, a Final Agency Decision was issued by U.S. Department of Homeland Security (DHS), Office of Civil Right and Civil Liberties (CRCL), in which the CRCL found that Plaintiff failed to prove that U.S. Customs and Border Protection (CBP) discriminated against Plaintiff by removing him from his position as a CBP Officer and from federal service. Plaintiff then filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's final decision. Then the notice dated July 1, 2025 in the EEOC Final Decision stated that Plaintiff had 90 days to file a civil action to appeal this decision. Pursuant to 42 USCS § 2000e-16(c), Plaintiff has filed this complaint.

## III.

## FACTUAL BACKGROUND

6. This is a discrimination, retaliation and hostile work environment case filed by Flores. Flores was terminated from his position as a CBP Officer and from federal service.

7. Plaintiff was a Customs and Border Patrol Officer (CBPO), GS-1895-12 assigned to the Marcelino-Serna Port of Entry (POE).

8. On December 22, 2018, Plaintiff sustained a work-related injury resulting in a serious health condition or disability.

9. From on or about December 2018, Plaintiff was absent from work.

11. On April 30, 2020, in the absence of medical documentation that released Plaintiff to full duty, CBP issued Plaintiff a letter providing him four options regarding his employment status with CBP, 1) Return to full duty, 2) Request reassignment, 3) Apply for voluntary retirement or disability retirement, or 4) Resign from his position as a CBPO.

12. In his May 2020 response to the option letter, Plaintiff stated, "I am not requesting reassignment, retirement, or resignation of my position." Plaintiff requested an extension of time to receive a release to full duty by his doctor.

13. On June 10, 2020, management proposed Plaintiff's removal for medical reasons from his CBPO position.

14. On July 7, 2020, the Department of Labor (DOL) engaged a physician to provide a second opinion of Plaintiff's ability to return to work with or without restrictions (SECOP).

15. On August 31, 2020, DOL requested that CBP provide Plaintiff a temporary modified duty assignment based on the SECOP restrictions. On or about September 2, 2020, management notified Plaintiff of his placement in a light duty assignment. Plaintiff's medical restrictions were not followed by CBP creating a hostile work environment.

16. Throughout his time after coming back to work light duty, Plaintiff experienced a hostile work environment from management and complained about his treatment to management. However, nothing changed and the harassment continued.

17. From September 8, 2020, to November 2020, Plaintiff was not offered overtime or permitted to participate in the physical fitness program.

18. From September 8, 2020, to November 2020, an Assistant Port Director (APD-1) repeatedly asked Plaintiff about his system access, online training, and receipt of his uniforms.

19. On September 10, 2020, APD-1 excluded Plaintiff from participation in the September 11, 2020, ceremony.

20. On September 15, 2020, APD-1 rifled through the medical documents viewing confidential medical information as Plaintiff as preparing to submit for his Office of Workers Compensation Program claim.

21. On September 17, 2020, the Agency did not respond to Plaintiff's request for advance sick and annual leave. Plaintiff believes this a reasonable accommodation that could have been provided but was denied.

22. On or about September 30, 2020, APD-1 had a conversation with the Union Steward concerning Plaintiff's complaints with his light duty assignment as it was violating his medical restrictions. APD-1 stated the stairs Plaintiff was going up and down were not a big deal and only a few steps.

23. On September 30, 2020, APD-2 ridiculed Plaintiff's work ethic while on speaker phone in front of Plaintiff's peer and a supervisor.

24. APD-1 and APD-2 ignored and avoided Plaintiff and would not greet or acknowledge him.

25. On October 28, 2020, APD-2 pitted another employee on light duty against Plaintiff.

26. On April 21, 2021, management terminated Plaintiff from federal service.

27. Upon information and belief, Flores was treated differently because of his sex, age, and disability, actual or perceived. He was terminated from federal service for discriminatory and retaliatory reasons.

## IV.

## CLAIMS

### A. Gender Discrimination, Hostile Work Environment and Retaliation

28. Flores incorporates by reference all of the allegations set forth in paragraphs 1 through 27 above.

29. Flores will show that CBP's aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a), *et seq.* and Title I of the Civil Rights Act of 1991, and 42 U.S.C. §1981a.  CBP terminated Plaintiff from federal service because of his gender and/or due to retaliation.

30. As a direct and proximate result of CBP's conduct as set forth herein, Flores has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.

**B. <u>Age Discrimination, Hostile Work Environment and Retaliation</u>**

31. Flores incorporates by reference all of the allegations set forth in paragraphs 1 through 27 above.

32. Flores will show that CBP's aforementioned conduct violates and the Age Discrimination in Employment Act of 1967 (ADEA).  CBP terminated Plaintiff from federal service because of his age and/or due to retaliation.

33. As a direct and proximate result of CBP's conduct as set forth herein, Flores has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.

**C. <u>Disability Discrimination, Hostile Work Environment and Retaliation</u>**

34. Flores incorporates by reference all of the allegations set forth in paragraphs 1 through 27 above.

35. Flores will show that CBP's aforementioned conduct violates Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-2(a), *et seq.,* Title I of the Americans with Disabilities Act, 42

U.S.C. §§ 12111 *et seq*. [“ADA”] as amended by the ADA Amendments Act (“ADAAA”) Public Law 110-325, and the Rehabilitation Act of 1973, as amended, Sections 501, et seq. CBP terminated Flores from federal service because of his disability, perceived or actual, and due to retaliation.

36. As a direct and proximate result of CBP’s conduct as set forth herein, Flores has suffered actual and compensatory damages, including back pay, front pay, emotional pain, suffering, inconvenience, loss of enjoyment of life, and mental anguish, within the jurisdictional limits of the Court.

## V.

## CONDITIONS PRECEDENT

37. Flores incorporates by reference all of the allegations set forth in paragraphs 1 through 27 above.

38. Flores would show that all conditions precedent to his lawful recovery herein have been performed or occurred.

## VI.

## DENOVO REVIEW REQUESTED

39. Plaintiff seeks de novo review of his claims. When a federal agency issues a notice of final action to a federal employee alleging employment discrimination, the claimant may seek de novo review of the disposition of his administrative complaint by filing a civil action in district court within 90 days. 42 U.S.C.S. § 2000e-16(c).

## JURY DEMAND

40. Flores requests a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendant be cited to appear herein, and that upon final hearing he be provided the following relief:

(i) Reinstatement to the promoted positions, and career enhancing training, assignments or details;
(ii) Front pay and back pay within the jurisdictional limits of the Court;
(iii) Compensatory damages;
(iv) Pre-judgment and post-judgment interest at the highest rates allowed by law;
(v) All reasonable and necessary attorneys' fees incurred as specified herein;
(vi) All costs of court and reasonable attorney fees;
(vii) Seeks de novo review of his claim; and
(viii) Such other and further relief, at law or in equity, to which Flores would show he is justly entitled.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000 phone
(915) 541-1002 facsimile

By: */s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com